[Civ. No. 6094. First Appellate District, Division One.—January 23, 1928.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN MULHERN, etc., Respondents.

John J. Briare and L. H. Susman for Petitioner.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. The petition discloses the following facts: Respondent John Mulhern while employed by petitioner Pacific Gas and Electric Company sustained an injury to his foot which necessitated the amputation of one of his toes. The accident happened August 18, 1925, and it is admitted that it occurred in the course of and arose out of his employment. Mental illness followed in consequence of the injury and Mulhern was on December 1, 1925, committed to the Napa State Hospital for the Insane.

On January 8, 1926, an application was filed with the respondent Industrial Accident Commission by Mulhern through his guardian, Mary Casey. On March 15th Mulhern was paroled from the state hospital. Proceedings were had before the respondent Commission culminating in findings and award, whereby it was definitely found that Mulhern's left great toe was fractured by a blow from a machine falling over, requiring amputation; the shock of the accident and loss of the member caused the development of a mental illness, and also that "said injury caused temporary total disability, continuing from August 18, 1925, to June 15th, 1926," entitling the employee to the sum of $700.14. This finding of causal relation between injury and disability and the award made thereon were accepted by petitioner and the award was paid and no question in regard thereto is here involved. On December 21, 1926, a petition for the payment of further compensation was filed by the employee through his guardian on the grounds that there had been an increase or recurrence of his disability. The petition was made under section 20 (d) of the Workmen's Compensation Act. (Deering's Gen. Laws 1923, Act 4749.) In the petition it was alleged "that since the findings and award of July 22nd, 1926, the mental illness found in Findings of Fact No. 1, of said Findings and Award, has increased and recurred and has caused the increase in disability with the result that the injured man has not worked for more than a few days since the date of said award." Hearings were held upon this application and an order made on March 21, 1927, annulling findings and award and granting to the employee temporary total disability from June 29, 1926, to February 22, 1927. A petition for rehearing was filed by petitioner herein and upon a showing that the employee had worked part of the time during the period of this last found disability, the order of March 21, 1927, was set aside and a rehearing granted. Further hearings were then had, and on August 26, 1927, the order, now sought to be reviewed, was made. In the last order the Commission found that partial disability recurred October 29, 1926, and lasted until the employee returned to work for petitioner on February 23, 1927, entitling the employee to the sum of $138.04.

The contention is made that there is no evidence what-

soever to establish the fact that disability had increased or recurred, for which reason the Commission had no power to amend the original findings. We cannot agree with petitioner in this contention. There is evidence to show that from the time he was paroled from the state hospital in March, 1926, the employee was mentally unbalanced and remained so up to February 23d, when he returned to work for petitioner. His brother-in-law, John Casey, testified that during that period Mulhern, due to his condition, was unable to secure or retain employment; that he, the witness, had endeavored to have him returned to the asylum, as he feared injury from his hands and that he no longer wanted him to reside in his home as his condition was becoming worse all the time. His sister, Mary Casey, testified that he was unable to retain employment as he was incapable on account of his condition to do work. There was also medical testimony to the effect that. during the period in question Mulhern was still insane, in consequence of which he was unable to procure or perform labor. Counsel for petitioner claims that the testimony of John Casey and his wife is unreliable as evidenced by their cross-examination. With the weight of the evidence we have nothing to do, as that is a matter solely within the jurisdiction of the Commission.

There being evidence to sustain the finding, it follows that the award must be and it is hereby affirmed.

Knight, J., and Cashin, J., concurred.